THE PEOPLE *v.* ROMÁN.

APPEAL from the District Court of Ponce.

MOTION for reconsideration of judgment.

No. 357.—Decided May 7, 1912.

CRIMINAL LAW—RECONSIDERATION OF JUDGMENT—FEDERAL STATUTES—LIST OF WITNESSES FOR PROSECUTION.—The provisions of section 1033 of the Revised Statutes of the United States are applicable to the circuit and district courts of the United States but not to the Insular courts of Porto Rico.

ID.—LIST OF WITNESSES FOR PROSECUTION—WAIVER.—Even supposing that section 1033 of the Revised Statutes of the United States were applicable to Porto Rico, in order to avail himself of its provisions an accused person should petition for a list of the witnesses for the prosecution in due time, otherwise the right will be considered as waived.

ID.—COMPULSORY APPEARANCE OF WITNESSES FOR DEFENSE—WITNESS BEYOND JURISDICTION.—The proceeding prescribed by section 1034 of the Revised Statutes of the United States to compel the appearance of witnesses for the defense refers to witnesses who are within the jurisdiction of the court and not to those outside of the territory.

ID.—INSTRUCTIONS TO JURY—LAW APPLICABLE.—The manner of raising questions relative to the application of the law to the facts is through the instructions of the court to the jury.

The facts are stated in the opinion.

*Mr. Herminio Díaz Navarro* for petitioner.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of court.

The appellant in this case filed a petition for rehearing, the principal ground being that he has been tried without

due process of law. The specific foundation of that allegation is that the provisions of sections 1033 and 1034 of the Revised Statutes of the United States have been disregarded. Such contention seems to be sufficiently met by the case of *Thiede* v. *Utah Territory*, 159 U. S., 514, 515. The Supreme Court of the United States, through Mr. Justice Brewer, expressed itself as follows:

"By section 1033, Revised Statutes, the defendant in a capital case is entitled to have delivered to him, at least two entire days before the trial, a copy of the indictment and a list of the witnesses to be produced on the trial. *Logan* v. *United States*, 144 U. S., 263, 304. But this section applies to the circuit and district courts of the United States, and does not control the practice and procedure of the courts of Utah, which are regulated by the statutes of that Territory. This question was fully considered in *Hornbuckle* v. *Toombs*, 18 Wall., 648, and it was held, overruling **prior decisions,** that the pleadings and procedure of the territorial courts, as well as their respective jurisdictions, were intended by Congress to be left to the legislative action of the territorial assemblies and to the regulations which might be adopted by the courts themselves."

In the case of *Hornbuckle* v. *Toombs,* to which reference has been made, the appeal was taken from a judgment of the Supreme Court for the Territory of Montana, and section 13 of the Organic Act of said Territory, which is similar to ours, provided that the Constitution and all laws of the United States not locally inapplicable should have the same force and effect within the Territory of Montana as in any other part of the United States.

Even assuming that section 1033 were applicable, a defendant, in order to avail himself of its provisions, should request a list of the witnesses in time; otherwise he will be deemed to have waived said right. *Hickory* v. *United States,* 155 U. S., 307–308.

With reference to section 1034, we fail to see how the defendant was deprived of his right to obtain the compulsory attendance of his witnesses by the court. Such process only

affects witnesses within the jurisdiction of the court. The provisions of said section are not applicable to witnesses without the Territory. Moreover in the case at bar no petition whatever was made for the compulsory attendance. The petition filed was to obtain the continuance of the trial.

Another of the grounds in support of the motion for rehearing is that the trial court refused the continuance of the trial. We have fully considered this question in the first hearing of this case, and no new reason has been advanced by the learned counsel for the defendant. In reality we have examined jointly the different motions made by the defendant as if they were filed at the same time and in due form.

Another ground for requesting a rehearing of this appeal is that this court did not pass upon the application to the case at bar of section 201 of the Penal Code in order to show that the defendant had been guilty of the crime of murder in accordance with said section.

At the outset of the hearing of this appeal the attorney for the defendant stated that no exceptions had been taken to the instructions of the court.

We have carefully examined said instructions and we find therein a sufficient explanation of the law relative to murder applicable to the case presented at the trial. A question of this character should be raised by exceptions to the instructions.

The attorney for the appellant further contends that the preponderance of the evidence was in favor of the defendant. Such question was within the province of the jury, and we find no evidence to show that the verdict has been vitiated by manifest error, passion, partiality, or prejudice. There was some evidence favorable to the defendant, but there was some of great force against him, especially the testimony of the witness, Pedro Olivera.

The jury decided the conflict of the evidence, and in accordance with the principle so frequently mentioned by

this court, there was no ground for the reversal of the judgment.

In view of the foregoing reasons, the rehearing should be denied.

*Motion dismissed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.